1  COOLEY LLP                         COOLEY LLP
   JEFFREY M. GUTKIN (216083)         JORGE L. SARMIENTO (*Pro Hac Vice* Pending)
2  (jgutkin@cooley.com)               (jsarmiento@cooley.com)
   AARTI REDDY (274889)               55 Hudson Yards, Fl. 43
3  (areddy@cooley.com)                New York, NY 10001-2157
   AMY M. SMITH (287813)              Telephone:    +1 212 479 6000
4  (amsmith@cooley.com)               Facsimile:    +1 212 479 6275
   MORGAN LEWIS (322205)
5  (melewis@cooley.com)
   JULIA M. IRWIN (352861)
6  (JIrwin@cooley.com)
   3 Embarcadero Center, 20th Floor
7  San Francisco, California 94111-4004
   Telephone:    +1 415 693 2000
8  Facsimile:    +1 415 693 2222

9  Attorneys for Defendant
   LinkedIn Corporation

10

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

14

15  L.B. individually and on behalf of all others    Case No.
    similarly situated,
16                                                    **DEFENDANT LINKEDIN CORPORATION'S**
                Plaintiff,                            **NOTICE OF REMOVAL**
17
         v.                                           SANTA CLARA COUNTY SUPERIOR COURT
18                                                    CASE NO. 24CV445533
    LINKEDIN CORPORATION,
19
                Defendant.
20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453(b), defendant LinkedIn Corporation ("LinkedIn" or "Defendant") hereby removes the above-captioned civil action from the Superior Court of the State of California, County of Santa Clara (the "Superior Court"), where the action is currently pending, to the United States District Court for the Northern District of California, San Jose Division.  For the reasons set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).  In filing this Notice of Removal, Defendant expressly reserves all rights to respond to and seek dismissal of this lawsuit.

**I.    BACKGROUND**

**A.    Nature of the Suit**

1.    On or about August 20, 2024, Plaintiff L.B. filed a putative class action complaint in the Superior Court of California, County of Santa Clara, entitled *L.B., individually and on behalf of all others similarly situated v. LINKEDIN CORPORATION*, Case No. 24CV445533 (the "Complaint" or "Compl."). A true and correct copy of the Complaint served upon Defendant is attached hereto as **Exhibit 1.**

2.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the state court and not previously referenced are attached hereto, identified as **Exhibits 2, 3**, **4**, **5**, **6**, and **7**.

3.    Plaintiff alleges that she is an individual domiciled in Port Charlotte, Florida. Compl. ¶ 5.

4.    Plaintiff "brings this action on behalf of all LinkedIn account holders in the United States who purchased Semaglutide on www.reflexmd.com[.]" Compl. ¶ 48. According to Plaintiff, through the use of the "LinkedIn Insight Tag," "LinkedIn intentionally intercepted sensitive and confidential communications between ReflexMD and its customers." *Id.* ¶ 3.  Based on these allegations, she pleads that "LinkedIn eavesdropped and/or recorded confidential communications through an electronic amplifying or recording device" in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631–32, and "intentionally invaded Plaintiff's and Class Members' privacy rights under the California Constitution." *Id*. ¶¶ 77, 84.

5.      By filing this Notice of Removal, Defendant does not admit that Plaintiff's allegations have any merit whatsoever, and expressly reserves the right to challenge all such allegations on any and all grounds available.

6.      Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense or argument, or avail itself of any substantive or procedural right, including but not limited to motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

7.      If the Court considers a remand, Defendant requests the Court issue an order to show cause as to why the case should not be remanded, giving the parties the opportunity to present briefing and argument prior to any remand.

**B.      Timeliness of Removal**

8.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). Plaintiff filed the Complaint on August 20, 2024. *See* **Exhibit 1**. Plaintiff served the Complaint on Defendant on August 30, 2024. *See* **Exhibit 2**. Defendant filed this Notice of Removal within thirty (30) days of service, as required. 28 U.S.C. § 1446(b); *see, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

**II.      GROUNDS FOR REMOVAL**

9.      This Court has original jurisdiction over the action under 28 U.S.C. § 1332(d)(2), and the action is removable to this Court pursuant to 28 U.S.C. § 1453(b).

10.      A class action filed in state court is removable to federal district court under the Class Action Fairness Act ("CAFA") if: (1) the putative class includes more than 100 members, (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and (3) "any member of a class of plaintiffs" is diverse "from any defendant" in any one of three statutorily enumerated ways. 28 U.S.C. § 1332(d). The CAFA requirements are satisfied here.

**A.      This Action Meets the "Class Action" Definition under CAFA.**

11.      This action is a "class action." CAFA provides:

[T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

1    28 U.S.C. § 1332(d)(1)(B). CAFA further provides "[t]his subsection shall apply to any class action

2    before or after the entry of a class certification order by the court with respect to that action." 28

3    U.S.C. § 1332(d)(8).

4        12.    Plaintiff filed this action as a putative class action. *See* **Exhibit 1**, Compl. at 1 (titled

5    "Class Action Complaint"); *id*. at 2 (Plaintiff "brings this Class Action Complaint . . . ."), *id*. ¶¶

6    48–57 (section entitled "Class Action Allegations"). Plaintiff also asserts that she seeks to represent

7    a class, defined as "all LinkedIn account holders in the United States who purchased Semaglutide

8    on www.reflexmd.com[.]" *Id*. ¶ 48. Accordingly, the complaint qualifies as a "class action" under

9    CAFA.

10       **B.    The Proposed Class Exceeds 100 Members.**

11       13.    The Complaint's allegations satisfy the first requirement for removal under CAFA

12   that the putative class includes more than 100 members. 28 U.S.C. § 1332(d)(5). Plaintiff

13   affirmatively asserts that putative class members "number in the thousands." Compl. ¶ 51.

14       14.    While LinkedIn does not concede liability, the appropriateness of class treatment in

15   any respect, or the validity of Plaintiff's claims for relief, Plaintiff's Complaint alleges that there

16   are more than 100 proposed class members. Numerous courts have relied on similar allegations in

17   finding that the underlying complaint satisfies CAFA's numerosity requirement.  *See, e.g.*,

18   *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (finding

19   numerosity requirement under CAFA was met for jurisdictional purposes by complaint statement

20   seeking to "'provide remedies for hundreds of affected consumers'" and rejecting defendant's

21   contention of indeterminacy with respect to numerosity because complaint stated that the "'exact

22   number'" of class members was unknown); *Tompkins v. Basic Rsch. LLC,* No. S–08–244

23   LKK/DAD, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (CAFA numerosity satisfied for

24   jurisdictional purposes because the allegation "a class of 'thousands of persons'" implies "a logical

25   minimum of 2,000 class members"); *Phillips v. Wellpoint, Inc.*, No. 10-cv-357-JPG, 2010 WL

26   4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying on allegation in plaintiff's complaint that "the

27   proposed class will exceed 20,000 policyholders and group members" to support a finding of

28   jurisdiction under CAFA).

**C.    The Amount in Controversy Exceeds $5 Million.**

15.    The Complaint's allegations also satisfy the second requirement for removal under CAFA because the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(6).

16.    To meet the amount in controversy threshold, a notice of removal must include only "'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700 (9th Cir. 2018) (quoting *Dart Cherokee Basin Operating Co.*, LLC v. Owens, 574 U.S. 81, 89 (2014)). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually owe*." *Id*.; accord *Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM(JMA), 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325-FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

17.    A court may consider various forms of relief sought in the complaint to determine the amount in controversy, including damages, compliance with injunctions, attorneys' fees awarded under fee-shifting statutes or contract, and treble and exemplary damages. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("the amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes"); *see also, e.g.*, *Chess v. CF Arcis IX LLC*, No. 20-cv-01625-CRB, 2020 WL 4207322, at *4 (N.D. Cal. July 22, 2020) ("When available by statute, treble damages can be included in the calculation for the amount in controversy.") (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000)); *Greene v. Wells Fargo Bank, N.A.*, No. 18-cv-06689-JSC, 2019 WL 1331027, at *5 (N.D. Cal. Mar. 25, 2019) ("'[i]t is well established that punitive damages are part of the amount in controversy in a civil action.'") (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)).

18.     Further, a defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204–05 (internal quotation marks omitted). Indeed, "a removing defendant need not meet a preponderance standard where, as here, the amount in controversy can be determined on the face of the pleadings." *Chess*, 2020 WL 4207322, at *4. Rather, "'[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith.'" *Id*. (quoting *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)).

19.     Given that Plaintiff alleges that the "members of the putative class number in the thousands[,]" calculation of the amount in controversy is straightforward. Compl. ¶ 51.

20.     In Counts I and II regarding violations of CIPA, Cal. Penal Code §§ 631–32, Plaintiff alleges that Defendant is liable to Plaintiff and other Class Members "in the amount of $5,000 dollars per violation or three times the amount of actual damages, whichever is greater." Compl. ¶¶ 69, 80. As such, the alleged minimum aggregated statutory damages alone ($5,000 or more per class member) would exceed the $5 million statutory threshold for an alleged class of 1,000 individuals because $5,000 times 1,000 equals $5,000,000, and here, Plaintiff alleges a class of not just 1,000 members, but one "in the thousands." Compl. ¶ 51.

21.     Plaintiff additionally seeks: (i) "punitive damages"; (ii) "an order requiring Defendant to disgorge revenues and profits wrongfully obtained"; (iii) "injunctive relief as pleaded or as the Court may deem proper"; and (iv) "an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit[.]" Compl. at 25. The amount of these requested punitive damages, disgorgement, and costs of compliance with Plaintiff's requested injunction further enlarge the amount in controversy—by a potentially significant amount if applied to a putative class of "thousands" of members.

22.     Without LinkedIn conceding liability, the validity of Plaintiff's claim for relief, or appropriateness of class treatment in any respect, the face of the Complaint plausibly establishes that the amount in controversy exceeds $5,000,000. See 28 U.S.C. § 1332(d)(2).

1

**D.      There is Minimal Diversity.**

2

23.      The Complaint's allegations satisfy the third requirement for removal under

3

CAFA—minimal diversity—because "any member of a class of plaintiffs is citizen of a State

4

different from [the] Defendant." 28 U.S.C. § 1332(d)(2)(A); *United Steel, Paper & Forestry,*

5

*Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,

6

602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides

7

expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement

8

set forth in 28 U.S.C. § 1332(d)(2)).

9

24.      An individual is a citizen of the state in which she is domiciled. *Boon v. Allstate Ins.*

10

*Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d

11

853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is

12

determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church*

13

*of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000).

14

25.      Plaintiff's Complaint alleges she is domiciled in Florida and does not allege any

15

alternative place of residence or state of citizenship. Compl. ¶ 5. The Complaint therefore

16

establishes that she is a citizen of Florida for the purposes of the diversity of citizenship analysis.

17

26.      For purposes of establishing diversity jurisdiction, a corporation is deemed to be a

18

citizen of any state in which it has been incorporated and of any state where it has its principal place

19

of business. 28 U.S.C. § 1332(c)(1). Defendant is a Delaware corporation with its principal place

20

of business located in Sunnyvale, California. Compl. ¶ 7.

21

27.      Defendant is now and was at the time of the filing of this action, a citizen of

22

Delaware and California for purposes of determining diversity jurisdiction under CAFA. Therefore,

23

diversity of citizenship exists under CAFA because at least one member of the putative class—

24

Plaintiff—is a citizen of Florida, a state different than the Defendant's. 28 U.S.C. § 1332(d)(2)(A).

25

**III.      VENUE AND INTRADISTRICT ASSIGNMENT**

26

28.      Removal to this judicial district is proper because this district includes the County

27

of Santa Clara, where the action is currently pending. See 28 U.S.C. § 84(a); 28 U.S.C. § 1441(a).

28

1    Removal to this division is proper because this division includes the County of Santa Clara. *See*

2    N.D. Cal. L.R. 3-2(e).

3    **IV.    NOTICE TO THE SUPERIOR COURT AND TO PLAINTIFF**

4    29.    Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of the removal

5    of this case with the Clerk of the Superior Court of California for the County of Santa Clara and

6    serving such notice upon Plaintiff. *See* **Exhibit 8** attached hereto.

7    **V.    CONCLUSION**

8    30.    Removal to this Court is proper under CAFA jurisdiction. If any question arises as

9    to the propriety of the removal of this action, Defendant requests the opportunity to present a brief

10    and oral argument in support of its position that this case is subject to removal.

11

12    Dated: September 27, 2024                    COOLEY LLP

13

14                                                By: */s/ Jeffrey M. Gutkin*

15                                                    Jeffrey M. Gutkin

16                                                Attorney for Defendant
                                                  LINKEDIN CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

E-FILED
8/20/2024 4:38 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV445533
Reviewed By: R. Walker

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Counsel for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CLARA**

24CV445533

| | |
|---|---|
| L.B., individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | CLASS ACTION |
| v. | COMPLAINT |
| LINKEDIN CORPORATION, | |
| Defendant. | |

1    Plaintiff L.B. ("Plaintiff") brings this class action complaint on behalf of herself and all

2  other persons similarly situated against Defendant LinkedIn Corporation ("LinkedIn" or

3  ("Defendant").  Plaintiff brings this action based on personal knowledge of the facts pertaining to

4  herself, and on information and belief as to all other matters, by and through the investigation of

5  undersigned counsel.

6                                      **NATURE OF THE ACTION**

7    1.    Plaintiff brings this suit on behalf of all LinkedIn users who live in the United States

8  and who purchased Semaglutide, a Glucagon-like peptide-1 ("GLP-1") prescription weight loss

9  medication, using the website www.reflexmd.com (the "Website").  The Website is owned and

10 operated by ReflexMD, Inc. ("ReflexMD"), a third party to this action.

11   2.    LinkedIn develops, owns, and operates "the world's largest professional network

12 with more than 1 billion members in more than 200 countries and territories worldwide."[1]

13   3.    LinkedIn intentionally intercepted sensitive and confidential communications

14 between ReflexMD and its customers.  LinkedIn failed to receive consent for these interceptions,

15 having engaged in conduct that expressly contravened its own terms and representations.

16   4.    Because GLP-1 medications are not available over-the-counter, consumers must

17 complete a medical exam or survey from a healthcare provider to see if they qualify for a

18 prescription.  Consumers reasonably expect that information related to their medical prescriptions

19 will remain confidential.  However, unbeknownst to Plaintiff and members of the putative class,

20 Defendant intercepted this confidential information for target advertising purposes.  Plaintiff brings

21 this action for legal and equitable remedies resulting from these illegal acts.

22                                              **PARTIES**

23   5.    Plaintiff L.B. is domiciled in Port Charlotte, Florida.  Plaintiff maintained a

24 LinkedIn account at all relevant times.  When Plaintiff created her LinkedIn account she agreed to

25 LinkedIn's User Agreement, which provides that "You and LinkedIn agree that the laws of the

26 State of California, U.S.A....shall exclusively govern any dispute relating to this Contract and/or

27

28 [1] LINKEDIN, ABOUT, https://about.linkedin.com/?trk=homepage-basic_directory_aboutUrl.

---

the Services."[2]  LinkedIn's "Services," includes those related to its software code known as the LinkedIn Insight Tag.[3]

6.    Plaintiff purchased Semaglutide from the Website in approximately June 2024. Unbeknownst to Plaintiff, LinkedIn was tracking her private activity on ReflexMD's Website using the LinkedIn Insight Tag.  LinkedIn used this software to track Plaintiff and intercept her communications with ReflexMD, including communications that contained confidential prescription information.  LinkedIn never received consent from Plaintiff or received permission to track or sell her data to advertisers.  LinkedIn's acts and practices, as described herein, are an egregious breach of Plaintiff's privacy.

7.    Defendant LinkedIn Corporation is a Delaware corporation with its principal place of business located in Sunnyvale, California.  Defendant LinkedIn at all times knew that the incorporation of its software into the ReflexMD Website would result in its interception of confidential prescription data.  Defendant LinkedIn, as the creator of its software and the LinkedIn Insight Tag, knew that it intercepted each of a users' interactions on the Website that incorporated its technology.  Defendant LinkedIn is well aware of the dangers of incorporating such technology on websites that offer medical and health services, but continues to do so.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this class action.  This Court has personal jurisdiction over the parties because Defendant resides in California, Plaintiff submits to the jurisdiction of the Court, and because Defendant, at all times relevant hereto, has systematically and continually conducted, and continues to conduct, business in California.

9.    Venue is proper in this Court pursuant to Civil Code §§ 395 and 395.5.  Defendant conducts business in this County and throughout the State of California and its principal place of business is in this County.

---

[2] LINKEDIN, USER AGREEMENT, https://www.linkedin.com/legal/user-agreement#dispute
[3] *Id.*

# FACTUAL ALLEGATIONS

**A.     Background of the California Information Privacy Act ("CIPA")**

10.     The CIPA prohibits "any person" from "willfully and without the consent of all parties to the communication … read[ing], or attempt[ing] to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned[.]" § 631(a).

11.     To establish liability under California Penal Code Section 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, or contrivance, or in any other manner," does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,

> Or

> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable, or is being sent from, or received at any place within this state,

> Or

> Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

12.     Section 631(a)'s applicability is not limited to phone lines, but also applies to "new technologies" such as computers, the internet, and email.  *See Matera v. Google Inc*., 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016) (the CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc*., 2006 WL 3798134, at *5–6 (N.D. Cal. Dec. 22, 2006) (the CIPA governs "electronic

communications"); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 607–08 (9th Cir. 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' internet browsing history).

13.    Plaintiff and Class Members may seek injunctive relief and statutory damages of $5,000 per violation under the CIPA. Cal. Penal Code § 637.2.

**B.    LinkedIn's Platform and Business Tools**

14.    LinkedIn markets itself as "the world's largest professional network on the internet[.]"[4]   But LinkedIn is no longer simply a tool to help users find jobs or expand their professional network.  LinkedIn has moved into the marketing and advertising space, and boasts of its ability to allow potential advertisers to "[r]each 1 billion+ professionals around the world" via its Marketing Solutions services.[5]   Recently, LinkedIn was projected as being responsible for "roughly 0.9 percent of the global ad revenue" which included approximately $5.91 billion in advertising revenue in 2022.[6]

15.    According to LinkedIn, "[t]argeting is a foundational element of running a successful advertising campaign — [g]etting your targeting right leads to higher engagement, and ultimately, higher conversion rates."[7]   Targeting refers to ensuring that advertisements are targeted to, and appear in front of, the target demographic for an advertisement.  To that end, LinkedIn's Marketing Solutions services allow potential advertisers to "[b]uild strategic campaigns" targeting specific users.[8]   LinkedIn's "marketing solutions allow advertisers to select specific characteristics to help them reach their ideal audience.  The ads [users] see on LinkedIn are then targeted to provide content relevant to [the users]."[9]

---

[4] LINKEDIN, WHAT IS LINKEDIN AND HOW CAN I USE IT?, https://www.linkedin.com/help/linkedin/answer/a548441#.
[5] LINKEDIN, MARKETING SOLUTIONS, https://business.linkedin.com/marketing-solutions.
[6] Valentina Dencheva, *LinkedIn annual ad revenue 2017-2027*, STATISTA (Dec. 12, 2023), https://www.statista.com/statistics/275933/linkedins-advertising-revenue.
[7] LINKEDIN, REACH YOUR AUDIENCE: TARGETING ON LINKEDIN, p.3, https://business.linkedin.com/content/dam/me/business/en-us/marketing-solutions/resources/pdfs/linkedin-targeting-playbook-v3.pdf.
[8] LINKEDIN, *supra* note 5.
[9] LINKEDIN, LINKEDIN ADS AND MARKETING SOLUTIONS, https://www.linkedin.com/help/lms/answer/a421454.

16.    As a result of its activities and operation of the LinkedIn Insight Tag, LinkedIn is able to make extremely personal inferences about individuals' demographics, intent, behavior, engagement, interests, buying decisions, and more.[10]

17.    The personal information and communications obtained by LinkedIn are used to fuel various services offered via LinkedIn's Marketing Solutions including Ad Targeting, Matched Audiences, Audience Expansion, and LinkedIn Audience Network.[11]

18.    Such information is extremely valuable to marketers and advertisers because the inferences derived from users' personal information and communications allows marketers and advertisers, including healthcare providers and insurance companies, to target potential customers.[12]

19.    For example, through the use of LinkedIn's Audience Network, marketers and advertisers are able to expand their reach and advertise on sites other than LinkedIn to "reach millions of professionals across multiple touchpoints."[13]  According to Broc Munro of Microsoft, "[w]e gravitate towards social platforms like LinkedIn to achieve more targeted marketing engagement. However, we know that our audiences don't spend all their time on social media.

---

[10] *See* LINKEDIN, MARKETING SOLUTIONS, https://business.linkedin.com/marketing-solutions/audience ("Target audiences through demographic marketing[,]" "Zero in on intent, behavior, engagement, interests, and more[,]" and "Reach the LinkedIn audience involved in the buying decision").
[11] *See id.*
[12] LINKEDIN, PRIVACY POLICY, https://www.linkedin.com/legal/privacy-policy ("We serve you tailored ads both on and off our Services. We offer you choices regarding personalized ads, but you cannot opt-out of seeing other ads."); LINKEDIN, ACCOUNT TARGETING, https://business.linkedin.com/marketing-solutions/ad-targeting ("Target your ideal customer based on traits like their job title, company name or industry, and by professional or personal interests"); LINKEDIN, EXAMPLES OF TRENDING AND BEST-IN-CLASS HEALTHCARE CAMPAIGNS AND CONTENT, p.6, https://business.linkedin.com/content/dam/me/business/en-us/marketing-solutions/healthcare-microsite/resources/lkin-lms-sales-healthcare-campaigns-trending-content-Jan2023.pdf ("BD zeroed in on the end-benefit with a 30 second video introducing their PIVO needle-free blood collection device to potential customers."); LINKEDIN, HEALTHCARE SOCIAL MEDIA STRATEGIES FOR 2023, p.1, https://business.linkedin.com/content/dam/me/business/en-us/marketing-solutions/healthcare-microsite/resources/hc-social-media-trends.pdf (listing "potential customers" as "Common audiences" for insurance sector).
[13] LINKEDIN, ACCOUNT TARGETING, https://business.linkedin.com/marketing-solutions/ad-targeting.

1    LinkedIn Audience Network enables us to expand our reach to trusted sites while still respecting

2    our audience targeting. This increases the impact of our advertising."[14]

3          20.    In July 2022, "LinkedIn Marketing Solutions surpassed $5 billion in annual

4    revenue[.]"[15]  That figure is "expected to further grow to reach 10.35 billion U.S. dollars by

5    2027."[16]

6          21.    According to LinkedIn, the LinkedIn Insight Tag is "[a] simple code snippet added

7    to [a] website [that] can help you optimize your campaigns, retarget your website visitors, and

8    learn more about your audiences."[17]  LinkedIn represents that the LinkedIn Insight Tag "enable[s]

9    in-depth campaign reporting and unlock[s] valuable insights about your website visitors."[18]

10          22.    LinkedIn's current iteration of its Insight Tag is a JavaScript-based code which

11    allows for the installation of its software.[19]  A critical feature allows the LinkedIn Insight Tag to

12    track users, even when third-party cookies are blocked.[20]   LinkedIn "recommend[s] using the

13    JavaScript-based Insight Tag or Conversions API" because third-party cookie settings are being

14    deprecated across the industry.[21]  Embedding the JavaScript as a first-party cookie causes users'

15    browsers to treat the LinkedIn Insight Tag as though it is offered by the website being visited,

16    rather than by LinkedIn.  Doing so ensures that the third-party cookie-blocking functions of

17    modern web browsers do not prevent LinkedIn from collecting data through its software.[22]  Instead,

18    the LinkedIn Insight Tag is shielded with the same privacy exemptions offered to first-party

19    cookies.

---

[14] LINKEDIN, LINKEDIN AUDIENCE NETWORK, https://business.linkedin.com/marketing-solutions/native-advertising/linkedin-audience-network.
[15] *LinkedIn Business Highlights from Microsoft's FY22 Q4 Earnings*, LINKEDIN PRESSROOM (July 25, 2022), https://news.linkedin.com/2022/july/linkedin-business-highlights-from-microsoft-s-fy22-q4earnings#:~:text=And%20LinkedIn%20Marketing%20Solutions%20surpassed,revenue%20for%20the%20first%20time.
[16] Dencheva, *supra* note 6.
[17] LINKEDIN, INSIGHT TAG, https://business.linkedin.com/marketing-solutions/insight-tag.
[18] LINKEDIN, LINKEDIN INSIGHT TAG FAQs, https://www.linkedin.com/help/lms/answer/a427660.
[19] LINKEDIN, *supra* note 17.
[20] *Id.* ("It's important for advertisers to prepare for these changes by switching to JavaScript tags and enabling 'enhanced conversion tracking' in the Insight Tag settings to continue capturing signals where 3rd party cookies are blocked.").
[21] *See id.*
[22] *See id.*

23.    When a user who has signed in to LinkedIn (even if the user subsequently logs out) is browsing a website where the LinkedIn Insight Tag has been embedded, an HTTP request is sent using cookies, which includes information about the user's actions on the website.

24.    These cookies also include data that differentiate users from one another and can be used to link the data collected to the user's LinkedIn profile.

25.    The HTTP request about an individual who has previously signed into LinkedIn includes requests from the "li_sugr" and "lms_ads" cookies.  Each of these cookies are used by LinkedIn "to identify LinkedIn Members off LinkedIn" for advertising purposes.[23]

26.    For example, the "li_sugr" cookie is "[u]sed to make a probabilistic match of a user's identity."[24]  Similarly, the "lms_ads" cookie is "[u]sed to identify LinkedIn Members off LinkedIn for advertising."[25]

27.    A LinkedIn profile contains information including an individual's first and last name, place of work, contact information, and other personal details.  Based on information it obtains through the LinkedIn Insight Tag, Defendant LinkedIn is able to target its account holders for advertising.

28.    LinkedIn never receives consent from users to intercept and collect electronic communications containing their sensitive and unlawfully-disclosed information.  In fact, LinkedIn expressly warrants the opposite.

29.    When first signing up, a user agrees to the User Agreement.[26]  By using or continuing to use LinkedIn's Services, users agree to two additional agreements: the Privacy Policy[27] and the Cookie Policy.[28]  For California residents, LinkedIn also publishes a California Privacy Disclosure.[29]

---

[23] LINKEDIN, LINKEDIN COOKIE TABLE, https://www.linkedin.com/legal/l/cookie-table.
[24] *See id.*
[25] *See id.*
[26] LINKEDIN, USER AGREEMENT, https://www.linkedin.com/legal/user-agreement.
[27] LINKEDIN, PRIVACY POLICY, https://www.linkedin.com/legal/privacy-policy.
[28] LINKEDIN, COOKIE POLICY, https://www.linkedin.com/legal/cookie-policy.
[29] LINKEDIN, CALIFORNIA PRIVACY DISCLOSURE, https://www.linkedin.com/legal/california-privacy-disclosure.

30.     LinkedIn's Privacy Policy begins by stating that "LinkedIn's mission is to connect the world's professionals . . . . Central to this mission is our commitment to be transparent about the data we collect about you, how it is used and with whom it is shared."[30]

31.     The Privacy Policy goes on to describe what data LinkedIn collects from various sources, including cookies and similar technologies.[31]  LinkedIn states "we use cookies and similar technologies (e.g., pixels and ad tags) to collect data (e.g., device IDs) to recognize you and your device(s) on, off and across different services and devices where you have engaged with our Services. We also allow some others to use cookies as described in our Cookie Policy."[32]

32.     However, LinkedIn offers an express representation: "**We will only collect and process personal data about you where we have lawful bases.**"[33]

33.     Despite this explicit representation, LinkedIn intentionally intercepts and receives sensitive and unlawfully disclosed information in violation of state and federal privacy laws.

34.     Users never choose to provide sensitive information to LinkedIn because, among other reasons, they never know whether a particular website uses the LinkedIn Insight Tag, and, if so, what sensitive personal data it collects.

**C.      How LinkedIn Intercepted Plaintiff's and Class Members' Protected Health Information**

35.     ReflexMD is an online healthcare operator that offers Semaglutide prescriptions. Semaglutide is the only product offered for sale on the Website.

36.     Because Semaglutide is not available over-the-counter, consumers must complete a survey in order to see if they qualify for the medication.

---

[30] LINKEDIN, PRIVACY POLICY, https://www.linkedin.com/legal/privacy-policy.
[31] *Id.*
[32] *Id.*
[33] *Id.* (emphasis added).

**Figure 1**:



37.    This survey includes private questions about consumers' health and weight loss goals.

38.    Through the LinkedIn Insight Tag, Defendant intercepted consumers confidential prescription information in order to monetize that data for targeted advertising.

39.    Once a consumer clicks the "See if I qualify" link, they are brought to the following webpage to provide additional personal information to ReflexMD.

**Figures 2-4:**





40.     After providing these personal details, consumers are then asked about their weight loss goals.

**Figures 5-7:**



## What goals are you looking to accomplish?

Choose all options that apply

☐ Lose weight

☐ Improve general health

☐ Look better

☐ Improve confidence

☐ Increase energy

☐ Better sex

**CONTINUE**

## What have you tried in the past?

Choose all options that apply

☐ Exercise

☐ Dieting

☐ Weight loss supplements

☐ Intermittent fasting

☐ Medical weight loss program

**CONTINUE**

41.    If a consumer qualifies for Semaglutide, ReflexMD allows them to purchase a prescription at its checkout page.

42.    Unbeknownst to consumers, LinkedIn was tracking their activity the moment they entered the ReflexMD Website.

43.    For example, the LinkedIn Insight Tag was embedded on the ReflexMD Website, which allowed LinkedIn to intercept and record "click" events.  Click events detail information about which page on the ReflexMD Website the patient was viewing as well as the selections they were making.

**Figures 8-13:**

```
https://px.ads.linkedin.com/wa/
204    POST  px.ads.linkedin.com /wa/
Mon Jun 17 20:35:21 EDT 2024    125    18416  Complete

{
    "pids": [6079820],
    "scriptVersion": 148,
    "time": 1718670921621,
    "domain": "reflexmd.com",
    "url": "https://reflexmd.com/",
    "pageTitle": "Weight loss with GLP-1 Medication - ReflexMD",
    "websiteSignalRequestId": "e07da4cb-98ef-1944-67e4-3501cf75845e",
    "isTranslated": false,
    "liFatId": "",
    "liGiant": "",
    "misc": {
        "psbState": -4
    },
    "isLinkedInApp": false,
    "hem": null,
    "signalType": "CLICK",
    "href": "/ask/drop/gender",
    "domAttributes": {
        "elementSemanticType": null,
        "elementValue": null,
        "elementType": null,
        "tagName": "A",
        "backgroundImageSrc": null,
        "imageSrc": null,
        "imageAlt": null,
        "innerText": "See if I qualify",
        "elementTitle": null,
        "cursor": "pointer"
```

https://px.ads.linkedin.com/wa/
204    POST  px.ads.linkedin.com /wa/
Mon Jun 17 20:35:28 EDT 2024    125    18156  Complete

{
    "pids": [6079820],
    "scriptVersion": 148,
    "time": 1718670928541,
    "domain": "reflexmd.com",
    "url": "https://reflexmd.com/ask/drop/gender",
    "pageTitle": "Home – ReflexMD",
    "websiteSignalRequestId": "20fecc8e-6b42-5f57-c040-6f68ece83b1f",
    "isTranslated": false,
    "liFatId": "",
    "liGiant": "",
    "misc": {
        "psbState": -4
    },
    "isLinkedInApp": false,
    "bsm": null,
    "signalType": "CLICK",
    "href": "",
    "domAttributes": {
        "elementSemanticType": null,
        "elementValue": null,
        "elementType": "submit",
        "tagName": "BUTTON",
        "backgroundImageSrc": null,
        "imageSrc": null,
        "imageAlt": null,
        "innerText": "Female",
        "elementTitle": null,
        "cursor": "pointer",
        "formAction": null,
        "isFormSubmission": true

https://px.ads.linkedin.com/wa/
204    POST  px.ads.linkedin.com /wa/
Mon Jun 17 20:35:44 EDT 2024    56    1313   Complete

{
    "pids": [6079820],
    "scriptVersion": 148,
    "time": 1718670944058,
    "domain": "reflexmd.com",
    "url": "https://reflexmd.com/ask/drop/goal",
    "pageTitle": "Home – ReflexMD",
    "websiteSignalRequestId": "d40277b2-717c-9cc5-5bcd-4638b57bb7e8",
    "isTranslated": false,
    "liFatId": "",
    "liGiant": "",
    "misc": {
        "psbState": -4
    },
    "isLinkedInApp": false,
    "bsm": null,
    "signalType": "CLICK",
    "href": "",
    "domAttributes": {
        "elementSemanticType": null,
        "elementValue": null,
        "elementType": "submit",
        "tagName": "BUTTON",
        "backgroundImageSrc": null,
        "imageSrc": null,
        "imageAlt": null,
        "innerText": "Lose 21 - 50 lbs for good",
        "elementTitle": null,
        "cursor": "pointer",
        "formAction": null,
        "isFormSubmission": true

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

https://px.ads.linkedin.com/wa/
204    POST  px.ads.linkedin.com /wa/
Mon Jun 17 20:36:42 EDT 2024    61    2179   Complete

{
    "pids": [6079820],
    "scriptVersion": 148,
    "time": 1718671002500,
    "domain": "reflexmd.com",
    "url": "https://reflexmd.com/ask/drop/goals"
    "pageTitle": "Home - ReflexMD",
    "websiteSignalRequestId": "9fcf9a6b-2902-6edc-7f73-827d0cfc2a5d",
    "isTranslated": false,
    "liFatId": "",
    "liGiant": "",
    "misc": {
        "psbState": -4
    },
    "isLinkedInApp": false,
    "hem": null,
    "signalType": "CLICK",
    "href": "",
    "domAttributes": {
        "elementSemanticType": null,
        "elementValue": null,
        "elementType": null,
        "tagName": "LABEL",
        "backgroundImageSrc": null,
        "imageSrc": null,
        "imageAlt": null,
        "innerText": "Look better",
        "elementTitle": null,
        "cursor": "pointer",
        "formAction": null,
        "isFormSubmission": false

https://px.ads.linkedin.com/wa/
204    POST  px.ads.linkedin.com /wa/
Mon Jun 17 20:36:46 EDT 2024    52    2190   Complete

{
    "pids": [6079820],
    "scriptVersion": 148,
    "time": 1718671006992,
    "domain": "reflexmd.com",
    "url": "https://reflexmd.com/ask/drop/tried"
    "pageTitle": "Home - ReflexMD",
    "websiteSignalRequestId": "04f9fc48-b421-32d9-fd7a-aceed06ec084",
    "isTranslated": false,
    "liFatId": "",
    "liGiant": "",
    "misc": {
        "psbState": -4
    },
    "isLinkedInApp": false,
    "hem": null,
    "signalType": "CLICK",
    "href": "",
    "domAttributes": {
        "elementSemanticType": null,
        "elementValue": null,
        "elementType": null,
        "tagName": "LABEL",
        "backgroundImageSrc": null,
        "imageSrc": null,
        "imageAlt": null,
        "innerText": "Weight loss supplements",
        "elementTitle": null,
        "cursor": "pointer",
        "formAction": null,
        "isFormSubmission": false

44.    As shown in Figures 8-13, LinkedIn intercepts nearly all of consumers' confidential communications with ReflexMD when they are completing their medical survey on the Website. This includes communications revealing a consumers' gender, weight loss goals, and purchase history.

45.    These interceptions also included the li_sugr and lms_ads cookies, which LinkedIn utilizes to identify its account holders for targeted advertising, as shown below in Figure 14.

**Figure 14:**

46.     Plaintiff never consented, agreed, authorized, or otherwise permitted LinkedIn to intercept her confidential health and prescription information.

47.     By law, Plaintiff is entitled to privacy in her protected health information and confidential communications.  LinkedIn deprived Plaintiff of her privacy rights when it implemented a system that surreptitiously tracked and recorded Plaintiff's and other online consumers' confidential communications, personally identifiable information, and protected health information.  Plaintiff did not discover that Defendant intercepted her personally identifiable information and protected health information, until around July 2024.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this action on behalf of all LinkedIn account holders in the United States who purchased Semaglutide on www.reflexmd.com (the "Class").

49.     Excluded from the Class is Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which either Defendant have or had a controlling interest.

50.     Plaintiff is a member of the Class she seeks to represent.

51.     Members of the putative class are so numerous that their individual joinder herein is impracticable.  Based on information and Plaintiff's belief, members of the putative class number in the thousands.  The precise number of putative class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Putative class members may be notified of the pendency of this action by mail and/or publication through the distribution of Defendant's records.

52.     Common questions of law and fact exist as to all putative class members and predominate over questions affecting only individual class members.  Common legal and factual questions include, but are not limited to:

> a.   Whether LinkedIn's conduct violates the California Invasion of Privacy Act, Cal. Penal Code § 630, *et seq.*;

b. Whether LinkedIn learned the contents of Plaintiff's and Class Members' communications with ReflexMD;

c. Whether LinkedIn used the information it learned from the contents of Plaintiff's and Class Members' communications with ReflexMD; and

d. Whether LinkedIn intentionally used an electronic amplifying or recording device to eavesdrop or record Plaintiff's and Class Members' confidential communications with ReflexMD without the Plaintiff's and Class Members' consent.

53.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct.  Plaintiff has no interests antagonistic to the interests of the other members of the Class.  Plaintiff and all members of the Class have sustained economic injury arising out of Defendant's violations of statutory law as alleged herein.

54.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the putative class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

55.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the putative members of the Class.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's

1   liability.  Class treatment of the liability issues will ensure that all claims are consistently

2   adjudicated.

3          56.      California law applies to the entirety of the Class.  California's substantive laws

4   apply to every member of the Class, regardless of where in the United States the Class member

5   resides.  Defendant's own User Agreement explicitly states that "[i]n the unlikely event we end up

6   in a legal dispute . . . you and LinkedIn agree to resolve it in California courts using California

7   law[.]"[34]   By choosing California law for the resolution of disputes covered by its User

8   Agreement, LinkedIn concedes that it is appropriate for this Court to apply California law to the

9   instant dispute to all Class Members.  Further, California's substantive laws may be

10  constitutionally applied to the claims of Plaintiff and the Class Members under the Due Process

11  Clause, see U.S. Const. amend. XIV, § 1, and the Full Faith and Credit Clause, see U.S. Const. art.

12  IV, § 1, of the U.S. Constitution.  California has significant contact, or significant aggregation of

13  contacts, the claims asserted by the Plaintiff and all Class members thereby creating state interests

14  that ensure that the choice of California state law is not arbitrary or unfair.  Defendant's decision to

15  reside in California and avail itself of California's laws, and to engage in the challenged conduct

16  from and emanating out of California, renders the application of California law to the claims herein

17  constitutionally permissible.  The application of California laws to the Class is also appropriate

18  under California's choice of law rules because California has significant contacts to the claims of

19  Plaintiff and the proposed Class and California has the greatest interest in applying its laws here.

20         57.      Plaintiff reserves the right to revise the foregoing class allegations and definitions based on

21  facts learned and legal developments following additional investigation, discovery, or otherwise.

**COUNT I**
**Violation of the California Invasion of Privacy Act,**
**Cal. Penal Code § 631**

22

23

24         58.      Plaintiff repeats the allegations contained in the paragraphs above as if fully set

25  forth herein and brings this count individually and on behalf of the members of the Class against

26  Defendant.

27  _____

28  [34] LINKEDIN, USER AGREEMENT, note 2.

59.     The California Invasion of Privacy Act (the "CIPA") is codified at California Penal Code Sections 630 to 638.  The CIPA begins with its statement of purpose—namely, that the purpose of the CIPA is to "protect the right of privacy of the people of [California]" from the threat posed by "advances in science and technology [that] have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications . . ."  Cal. Penal Code § 630.

60.     A person violates California Penal Code Section 631(a), if:

> by means of any machine, instrument, or contrivance, or in any other manner, [s/he] intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or [s/he] willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or [s/he] uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained . . .[35]

61.     To avoid liability under section 631(a), a defendant must show it had the consent of all parties to a communication.

62.     At all relevant times, LinkedIn tracked and intercepted Plaintiff's and Class Members' internet communications while using www.reflexmd.com to purchase Semaglutide. These communications were intercepted without the authorization and consent of Plaintiff and Class Members.

63.     Through these interceptions, LinkedIn intended to learn some meaning of the content the visitors requested.

64.     The following items constitute "machine[s], instrument[s], or contrivance[s]" under the CIPA, and even if they do not, the LinkedIn Insight Tag fall under the broad catch-all category of "any other manner":

a.      The computer codes and programs LinkedIn used to track Plaintiff and Class

---

[35] Cal. Penal Code § 631(a).

Members' communications while they were navigating www.reflexmd.com;

b.      Plaintiff's and Class Members' browsers;

c.      Plaintiff's and Class Members' computing and mobile devices;

d.      LinkedIn's web and ad servers;

e.      The web and ad servers from which LinkedIn tracked and intercepted Plaintiff's and Class Members' communications while they were using a web browser to access or navigate www.reflexmd.com;

f.      The computer codes and programs used by LinkedIn to effectuate its tracking and interception of Plaintiff's and Class Members' communications while they were using a browser to visit www.reflexmd.com; and

g.      The plan LinkedIn carried out to effectuate its tracking and interception of Plaintiff's and Class Members' communications while they were using a web browser or mobile device to visit www.reflexmd.com.

65.      At all relevant times, LinkedIn, though the LinkedIn Insight Tag, intentionally tapped or made unauthorized connections with, the lines of internet communications between Plaintiff and Class Members and the ReflexMD Website without the consent of all parties to the communication.

66.      LinkedIn, willfully and without the consent of Plaintiff and Class Members, read or attempted to read, or learn the contents or meaning of Plaintiff's and Class Members' communications to ReflexMD while the communications are in transit or passing over any wire, line or able, or were being received at any place within California when it intercepted Plaintiff's and Class Members' communications and data with ReflexMD.

67.      LinkedIn used or attempted to use the communications and information they received through their tracking technology, including to supply advertising services.

68.      The patient communication information intercepted through the LinkedIn Insight Tag, such as Semaglutide prescription information, constituted protected health information.

69.      As a result of the above violations, Defendant is liable to Plaintiff and other Class Members in the amount of $5,000 dollars per violation or three times the amount of actual

---

1    damages, whichever is greater.  Additionally, California Penal Code Section 637.2 specifically

2    states that "[it] is not a necessary prerequisite to an action pursuant to this section that the plaintiff

3    has suffered, or be threatened with, actual damages."

4         70.    Under the CIPA, Defendant is also liable for reasonable attorney's fees, and other

5    litigation costs, injunctive and declaratory relief, and punitive damages in an amount to be

6    determined by a jury, but sufficient to prevent the same or similar conduct by Defendant in the

7    future.

8                                    **COUNT II**
                      **Violation of the California Invasion of Privacy Act,**
9                                **Cal. Penal Code § 632**

10        71.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set

11   forth herein and brings this count individually and on behalf of the members of the Class against

12   Defendant.

13        72.    Cal. Penal Code § 632 prohibits "intentionally and without the consent of all parties

14   to a confidential communication," the "use[] [of] an electronic amplifying or recording device to

15   eavesdrop upon or record the confidential communication."

16        73.    Section 632 defines "confidential communication" as "any communication carried

17   on in circumstances as may reasonably indicate that any party to the communication desires it to be

18   confined to the parties thereto[.]"

19        74.    Plaintiff's and Class members' communications to ReflexMD, including their

20   sensitive personal and health information, such as prescription information, were confidential

21   communications for purposes of § 632, because Plaintiff and Class Members had an objectively

22   reasonable expectation of privacy in this data.

23        75.    Plaintiff and Class Members expected their communications to ReflexMD to be

24   confined to ReflexMD in part, due to the protected nature of the health information at issue.

25   Plaintiff and Class Members did not expect third parties, like LinkedIn, to secretly eavesdrop upon

26   or record this confidential information and their communications.

27

28

76.     LinkedIn's tracking technology, i.e., the LinkedIn Insight Tag, are all electronic amplifying or recording devices for purposes of § 632.

77.     By contemporaneously intercepting and recording Plaintiff's and Class Members' confidential communications to ReflexMD through this technology, LinkedIn eavesdropped and/or recorded confidential communications through an electronic amplifying or recording device in violation of § 632 of CIPA.

78.     At no time did Plaintiff or Class Members consent to LinkedIn's conduct, nor could they reasonably expect that their communications to ReflexMD would be overheard or recorded by LinkedIn.

79.     LinkedIn utilized Plaintiff's and Class Members' sensitive personal and health information for its own purposes, including for targeted advertising.

80.     Plaintiff and Class Members seek statutory damages in accordance with § 637.2(a) which provides for the greater of: (1) $5,000 per violation; or (2) three times the amount of damages sustained by Plaintiff and the Classes in an amount to be proven at trial, as well as injunctive or other equitable relief.

81.     Plaintiff and Class Members have also suffered irreparable injury from these unauthorized acts. Plaintiff's and Class Members' sensitive data has been collected, viewed, accessed, stored, by LinkedIn, have not been destroyed, and due to the continuing threat of such injury, have no adequate remedy at law.  Plaintiff and Class Members are accordingly entitled to injunctive relief.

<u>COUNT III</u>
**Invasion of Privacy Under California's Constitution**

82.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein and brings this count individually and on behalf of the members of the Class against Defendant.

83.     Plaintiff and Class Members have an interest in: (1) precluding the dissemination and/or misuse of their sensitive, confidential communications and protected health information; and (2) making personal decisions and/or conducting personal activities without observation,

intrusion, or interference, including, but not limited to, the right to visit and interact with various internet sites without being subjected to wiretaps without Plaintiff's and Class Members' knowledge or consent.

84.    At all relevant times, by using the LinkedIn Insight Tag to record and communicate patients' personal identifiers alongside their confidential medical communications, Defendant intentionally invaded Plaintiff's and Class Members' privacy rights under the California Constitution.

85.    Plaintiff and Class Members had a reasonable expectation that their communications, identities, health information, and other data would remain confidential, and that Defendant would not intercept such information communicated on www.reflexmd.com.

86.    Plaintiff and Class Members did not authorize Defendant to record and transmit Plaintiff's and Class Members' private medical communications alongside their personally identifiable and health information.

87.    This invasion of privacy was serious in nature, scope, and impact because it related to patients' private medical communications. Moreover, it constituted an egregious breach of the societal norms underlying the privacy right.

88.    Accordingly, Plaintiff and Class Members seek all relief available for invasion of privacy under the California Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.    For a determination that this action is a proper class action;

B.    For an order certifying the Class, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

C.    For an order declaring that Defendant's conduct violated the statutes referenced herein;

D.    For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

E.   For an award of compensatory damages, including statutory damages where available, to Plaintiff and the Class Members against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial;

F.   For punitive damages, as warranted, in an amount to be determined at trial;

G.   For an order requiring Defendant to disgorge revenues and profits wrongfully obtained;

H.   For prejudgment interest on all amounts awarded;

I.   For injunctive relief as pleaded or as the Court may deem proper;

J.   For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

K.   For an order granting Plaintiff and Class Members such further relief as the Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, on behalf of herself and the proposed Class, demands a trial by jury for all of the claims asserted in this Complaint so triable.

Dated:  August 20, 2024          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _Sarah N. Westcot_

Sarah N. Westcot (State Bar No. 264916)
701 Brickell Ave., Suite 2100
Miami, FL 33131-2800
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Counsel for Plaintiff*

# EXHIBIT 2

24CV445533
Santa Clara – Civil
R. Fleming

| Attorney or Party without Attorney:<br>SARAH N. WESTCOT (SBN 264916)<br>Bursor & Fisher, P.A.<br>1990 N California Blvd Suite 940<br>Walnut Creek, CA 94596<br>  Telephone No:  925-300-4455<br><br>  Attorney For:  Plaintiff | *For Court Use Only* |
|---|---|
| *Ref. No. or File No.:*<br>3454 LinkedIn Pixel | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 9/17/2024 9:19 AM**<br>**Reviewed By: R. Fleming**<br>**Case #24CV445533**<br>**Envelope: 16637363** |

Insert name of Court, and Judicial District and Branch Court:
IN THE SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA

Plaintiff:   L.B.
Defendant:   LINKEDIN CORPORATION

| **PROOF OF SERVICE<br>SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>24CV445533 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; CIVIL CASE COVER SHEET; CLASS ACTION COMPLAINT; ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY AND RESPONSIVE PLEADING DEADLINE; ADR INFORMATION PACKET; CIVIL LAWSUIT NOTICE

3.  *a.*  Party served:       LINKEDIN CORPORATION
    *b.*  Person served:     Crystal Collins, authorized employee, CSC LAWYERS INCORPORATING SERVICE, REGISTERED AGENT FOR SERVICE OF PROCESS.

4.  *Address where the party was served:*   2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA 95833

5.  *I served the party:*

    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Fri, Aug 30 2024 (2) at *(time)*: 11:00 AM

    (1)  [X]  (business)
    (2)  [ ]  (home)
    (3)  [ ]  (other) :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [ ]  as an individual defendant.
    b.  [ ]  as the person sued under the fictitious name of *(specify):*
    c.  [ ]  as occupant.
    d.  [X]  On behalf of *(specify):*   LINKEDIN CORPORATION
        under the following Code of Civil Procedure section:
        [X]  416.10 (corporation)                          [ ]  415.95 (business organization, form unknown)
        [ ]  416.20 (defunct corporation)                  [ ]  416.60 (minor)
        [ ]  416.30 (joint stock company/association)      [ ]  416.70 (ward or conservatee)
        [ ]  416.40 (association or partnership)           [ ]  416.90 (authorized person)
        [ ]  416.50 (public entity)                        [ ]  415.46 (occupant)
        [ ]  other:



| | | |
|---|---|---|
| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF<br>SERVICE<br>SUMMONS** | *11710823*<br>*(6127377)*<br>Page 1 of 2 |

| Plaintiff: | L.B. | Case Number: |
|---|---|---|
| Defendant: | LINKEDIN CORPORATION | 24CV445533 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
  a.  Name:                      Nancy Graddy
  b.  Address:               **FIRST LEGAL**
                                1939 HARRISON STREET, SUITE 818
                                OAKLAND, CA 94612
  c.  Telephone number:      (415) 626-3111
  d.  **The fee** for service was:  218.22
  e.  I am:
      (1)  ☐  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
          (i)    ☐ owner   ☐ employee  ☒ independent contractor
          (ii)   Registration No:  04-010, Placer County
          (iii)  County:  Placer

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

*N. graddy*

08/30/2024

*(Date)*                                      *Nancy Graddy*

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*11710823
(6127377)*
Page 2 of 2

# EXHIBIT 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Sarah N. Westcot (State Bar No. 264916)<br>Bursor & Fisher, P.A., 701 Brickell Avenue, Suite 2100, Miami, FL 33131<br><br>TELEPHONE NO.: (305) 330-5512    FAX NO.: (305) 676-9006<br>EMAIL ADDRESS: swestcot@bursor.com<br>ATTORNEY FOR *(Name)*: Plaintiff L.B. | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 8/20/2024 4:38 PM**<br>**Reviewed By: R. Walker**<br>**Case #24CV445533**<br>**Envelope: 16341764** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:
L.B. v. LinkedIn Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)   [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24CV445533 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Three
5. This case [x] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 20, 2024
Sarah N. Westcot
_____
(TYPE OR PRINT NAME)    ▶ *Sarah N. Westcot* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form    Save this form    Clear this form

# EXHIBIT 4

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA  95113**

CASE NUMBER: ___24CV445533___

<div style="border:1px solid">

### PLEASE READ THIS ENTIRE FORM

</div>

**_PLAINTIFF_** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**_DEFENDANT_** (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**_RULES AND FORMS:_**  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

- State Rules and Judicial Council Forms:  https://www.courts.ca.gov/formsrules.htm
- Local Rules and Forms:  https://www.scscourt.org/forms_filing.shtml  and
  https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

**_CASE MANAGEMENT CONFERENCE (CMC):_**  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**_You or your attorney must appear at the CMC._**  *You may have the option, or be required to appear remotely – see Local Civil Rule 8.*

<div style="border:1px solid">

Your Case Management Judge is: ___Hon. Theodore C. Zayner___    Department: ___19___

The 1st CMC is scheduled for:  (Completed by Clerk of Court)
Date: ___1/22/25___  Time: ___2:30 p.m.___  in Department: ___19___

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
Date: _____  Time: _____  in Department: _____

</div>

**_ALTERNATIVE DISPUTE RESOLUTION (ADR):_**  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-8547) for more information.

**_WARNING:_** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# EXHIBIT 5

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
8/20/2024 4:38 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV445533
Reviewed By: R. Walker
Envelope: 16341764

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LINKEDIN CORPORATION,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
L.B., individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of the State of California<br><br>County of Santa Clara. 191 North First Street, San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>**24CV445533** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sarah N. Westcot, Bursor & Fisher, P.A., 701 Brickell Avenue, Suite 2100, Miami, FL 33131, Tel.: (305) 330-5512

| DATE:<br>*(Fecha)* 8/20/2024 4:38 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | R. Walker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* LinkedIn Corporation

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100  [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

# EXHIBIT 6

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/29/2024 12:01 PM
Reviewed By: R. Walker
Case #24CV445533
Envelope: 16446112

TO:     FILE COPY

RE:              **L.B. v. LinkedIn Corporation** (Class Action)
CASE NUMBER:     **24CV445533**


**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**
**AND RESPONSIVE PLEADING DEADLINE**


WHEREAS, the Complaint was filed by Plaintiff **L.B.** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **August 20, 2024** and assigned to Department **19** (Complex Civil Litigation), the **Honorable Theodore C. Zayner**  presiding, pending a ruling on the complexity issue;


IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department **19** (Complex Civil Litigation), the **Honorable Theodore C. Zayner** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **L.B.**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(b), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **January 22, 2025 at 2:30 p.m. in Department 19** and all counsel are ordered to attend.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;

2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;

3. significant procedural and practical problems that may likely be encountered;

4. suggestions for efficient management, including a proposed timeline of key events; and

5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**<u>STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE</u>** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: <u>    August 28, 2024    </u>

<u>                                                        </u>
**Hon. Theodore C. Zayner**
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

-----
Updated on 3/11/21.

# EXHIBIT 7

1    COOLEY LLP                                    COOLEY LLP
     JEFFREY M. GUTKIN (216083)                    JORGE L. SARMIENTO (*Pro Hac Vice* Pending)
2    (jgutkin@cooley.com)                          (jsarmiento@cooley.com)
     AARTI REDDY (274889)                          55 Hudson Yards, Fl. 43
3    (areddy@cooley.com)                           New York, NY 10001-2157
     AMY M. SMITH (287813)                         Telephone:    +1 212 479 6000
4    (amsmith@cooley.com)                          Facsimile:    +1 212 479 6275
     MORGAN LEWIS (322205)
5    (melewis@cooley.com)                          **Electronically Filed**
     JULIA M. IRWIN (352861)                       **by Superior Court of CA,**
6    (JIrwin@cooley.com)                           **County of Santa Clara,**
     3 Embarcadero Center, 20th Floor              **on 9/12/2024 4:51 PM**
7    San Francisco, California 94111-4004          **Reviewed By: M. Suarez**
     Telephone:    +1 415 693 2000                 **Case #24CV445533**
8    Facsimile:    +1 415 693 2222                 **Envelope: 16599380**

9    Attorneys for Defendant
     LinkedIn Corporation
10

11                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                                COUNTY OF SANTA CLARA

13

14   L.B. individually and on behalf of all others       Case No. 24CV445533
     similarly situated,
15                                                        **COMPLEX – ASSIGNED TO JUDGE**
                      Plaintiff,                          **THEODORE C. ZAYNER**
16
            v.                                            **DEFENDANT LINKEDIN CORPORATION'S**
17                                                        **NOTICE OF PAYMENT OF COMPLEX FILING**
     LINKEDIN CORPORATION,                                **FEES**
18
                      Defendant.                          Trial Date:  Not Set
19                                                        Date Action Filed: August 20, 2024

20

21

22

23

24

25

26

27

28

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2         PLEASE TAKE NOTICE that Defendant LinkedIn Corporation posted complex civil case

3    fees with the Clerk of the Court on September 12, 2024.

4

5    Dated: September 12, 2024                      COOLEY LLP

6

7                                                   By: /s/ *Jeffrey M. Gutkin*
                                                        Jeffrey M. Gutkin
8

9                                                   Attorney for Defendant
                                                    LINKEDIN CORPORATION
10

308043621

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2      I am a citizen of the United States and a resident of the State of California.  I am

3   employed in San Francisco County, State of California, in the office of a member of the bar of

4   this Court, at whose direction the service was made.  I am over the age of eighteen years, and not

5   a party to this action.  My business address is Cooley LLP, 3 Embarcadero Center, 20th Floor,

6   San Francisco, California 94111-4004.  My email address is gwilson@cooley.com  On the date

7   set forth below I served the documents described below in the manner described below:

8      DEFENDANT LINKEDIN CORPORATION'S NOTICE OF PAYMENT OF COMPLEX FILING FEES

9      ☒      (BY ELECTRONIC SERVICE) – I caused the above-entitled documents to be
          served through OneLegal addressed to all parties appearing on the OneLegal
10         electronic service list for the above-entitled case. The "OneLegal Filing Receipt"
          page(s) will be maintained with the original document(s) in our office.
11

12   on the following part(ies) in this action:

13      Sarah N. Westcot
       **BURSOR & FISHER, P.A.**
14      701 Brickell Avenue, Suite 2100
       Miami, FL 33131
15      Telephone:    (305) 330-5512
       Facsimile:    (305) 676-9006
16      Email:      swestcot@bursor.com

17      *Attorney for Plaintiff L. B.*

18

19      I declare under penalty of perjury under the laws of the State of California that the above

20   is true and correct.

21      Executed on September 12, 2024, at San Francisco, California.

22

23                                                _Gina Wilson_
                                                 Gina Wilson
24

25

26

27

28

# EXHIBIT 8

1    COOLEY LLP                                    COOLEY LLP
     JEFFREY M. GUTKIN (216083)                    JORGE L. SARMIENTO (*Pro Hac Vice* Pending)
2    (jgutkin@cooley.com)                          (jsarmiento@cooley.com)
     AARTI REDDY (274889)                          55 Hudson Yards, Fl. 43
3    (areddy@cooley.com)                           New York, NY 10001-2157
     AMY M. SMITH (287813)                         Telephone:    +1 212 479 6000
4    (amsmith@cooley.com)                          Facsimile:    +1 212 479 6275
     MORGAN LEWIS (322205)
5    (melewis@cooley.com)
     JULIA M. IRWIN (352861)
6    (JIrwin@cooley.com)
     3 Embarcadero Center, 20th Floor
7    San Francisco, California 94111-4004
     Telephone:    +1 415 693 2000
8    Facsimile:    +1 415 693 2222

9    Attorneys for Defendant
     LinkedIn Corporation
10

11                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                          COUNTY OF SANTA CLARA

13

14   L.B. individually and on behalf of all others          Case No. 24CV445533
     similarly situated,
15                                                           **COMPLEX – ASSIGNED TO JUDGE
                       Plaintiff,                            THEODORE C. ZAYNER**
16
             v.                                              **DEFENDANT LINKEDIN CORPORATION'S
17                                                           NOTICE TO SUPERIOR COURT AND
     LINKEDIN CORPORATION,                                   PLAINTIFF OF REMOVAL TO UNITED
18                                                           STATES DISTRICT COURT FOR THE
                       Defendant.                            NORTHERN DISTRICT OF CALIFORNIA**
19
                                                             Date Action Filed: August 20, 2024
20

21

22

23

24

25

26

27

28

1

2   **PLEASE TAKE NOTICE** that on September 27, 2024, Defendant LinkedIn Corporation

3   filed a Notice of Removal of this action in the United States District Court for the Northern District

4   of California. Copies of the Notice of Removal, Civil Cover Sheet, Fed. R. Civ. Proc. Rule 7.1

5   Disclosure Statement and Civil Local Rule 3-15 Certification of Interested Entities or Persons, and

6   Proof of Service filed and served concurrently with the Notice of Removal are attached hereto as

7   **Exhibit A**.

8   Pursuant to 28 U.S.C. § 1446(d), this Notice "shall effect the removal and the State court

9   shall proceed no further unless and until the case is remanded."

10

11  Dated: September 27, 2024                    COOLEY LLP

12

13                                              By: */s/ Jeffrey M. Gutkin*
                                                    Jeffrey M. Gutkin
14

15                                              Attorney for Defendant
                                                LINKEDIN CORPORATION
16

17

18

19

20

21

22

23

24

25

26

27

28